ANSTEAD, Judge,
specially concurring:
Although I concur in the views expressed in Judge Downey’s opinion, I must admit that I am concerned about the apparent conflict in purpose and effect among the various rules of procedure involved.
It was apparently the intention of the drafters of Rule 1.530 to provide the parties with a period of ten days in which to consider and prepare a motion for rehearing. The rule provides that the ten day period shall commence upon the entry of final judgment, and Rule 1.090(b) provides that the court may not extend the time in which the motion can be filed. On the other hand, the current version of Rule 1.090 recognizes the fact that most papers filed in an action are served upon the parties by mail and that this may mean that a party does not really receive notice of the entry of an order or filing of a paper until some five days later. Accordingly, Rule 1.090 grants the parties an additional five days to act when service is made by mail. Rule 1.080(h) recognizes that orders and judgments may also be served upon the parties by mail.
The net effect of all these provisions is that the parties do not receive the ten days nominally allotted to them to prepare a motion for rehearing. Instead, if the five day provision of Rule 1.090(e) is an accurate estimate of the time it takes for mail delivery, they receive only five days. This result seems to conflict with the drafter’s original purpose of providing ten days. Under these circumstances, if it is indeed determined to be desirable to provide the parties with ten days in which to act, it would appear advisable to either enlarge the time period provided in Rule 1.530 from ten days to fifteen days, or to provide that the motion shall be filed within ten days of service of the final judgment. A third possibility would be to authorize the trial court, under Rule 1.090(b), to enlarge the time for filing the motion for new trial.